IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | |
|---|---|
| ELIZABETH H. SPILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:23-cv-00540 |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Elizabeth K. Dillon |
| | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Elizabeth Spillman brings this action against defendant United States arising out of a traffic stop on the Blue Ridge Parkway. Pending before the court is Spillman's motion to amend her complaint to add claims of gross negligence and negligent infliction of emotional distress (NIED) under the Federal Tort Claims Act (FTCA). (Mot. to Am. Comp., Dkt. No. 42.) The United States has filed a response in opposition. (Mem. Opp'n. Am. Compl., Dkt. No. 45). The matter is now fully briefed and ripe for resolution. The court finds that a hearing is unnecessary to resolve the motion. The court will grant Spillman's motion to amend her complaint to include a claim for gross negligence. However, the court will deny the inclusion of Spillman's claim for NIED because it is futile as alleged in her proposed amended complaint.

I. BACKGROUND[1]

Spillman filed her original complaint against the United States on August 21, 2023. (Compl., Dkt. No. 1.) In the complaint, she asserted four claims against the United States under

---

[1] The factual allegations in this section are taken from Spillman's proposed amended complaint (Am. Comp., Dkt. No. 42-1) and several dash cam, body cam, and surveillance videos. In ruling on the previous motion to dismiss, the parties agreed that the court could properly consider these videos at the motion to dismiss stage as they were integral to the complaint. (See Pl.'s Opp'n 10, Dkt. No. 22 ("Spillman does not oppose the Court considering the video at this stage").) These videos remain integral to Spillman's proposed amended complaint, and, as such, the court will also consider them in the present motion.

the FTCA: Count I—Assault, Count II—Battery, Count III—False Arrest, and Count IV—Abuse of Process. (*Id.* at 18–21.) The United States moved to dismiss Spillman's claims for failure to state a claim. After a hearing on the motion, the court dismissed the false arrest and abuse of process claims but allowed the assault and battery claims to move forward. (*See* Mem. Op., Dkt. No. 40; Order, Dkt. No. 41.) Shortly thereafter, Spillman filed this motion for leave to amend her complaint to add claims for gross negligence and NIED.

The factual allegations in Spillman's proposed amended complaint closely mirror those in her original complaint, which the court detailed in its July 8, 2024 memorandum opinion. (*See* Mem. Op.) To avoid repetition and maintain brevity, the court incorporates those recitations fully herein.[2] The only substantive changes in the amended complaint are two additional claims for gross negligence and NIED, along with a few new allegations to support these claims.

Specifically, Spillman now alleges that National Park Service Ranger James Lyon was grossly negligent in administering her sobriety tests on a busy highway, which exposed her to significant safety risks and caused her emotional distress and fear of being struck by passing vehicles while following Lyon's orders. (Am. Compl. ¶¶ 18–21.) Additionally, Spillman alleges that Lyon violated her dignity and caused her emotional distress by searching her person after handcuffing her, using the palm of his hands instead of the back or blade of his hands, as professionally directed. (*Id.* ¶ 26.) The final substantive addition to the amended complaint alleges that upon entering the sheriff's office, Lyon failed to immediately ask a female dispatcher to cover Spillman's exposed breasts and "continued to march and parade [her] naked and up the

---

[2] Although those allegations were taken from Spillman's original complaint, they are reiterated in her proposed amended complaint. (*See* Am. Compl.) The citations provided in the "Background" section of the memorandum opinion remain accurate, except for replacing (Compl., Dkt. No. 1) with (Am. Compl., Dkt. No. 42-1)—the paragraph citations remain unchanged.

2

stairs through the facility," which caused her emotional distress and fear of being seen naked by Lyon and other male officers. (*Id.* ¶¶ 8, 45.)

The United States has filed a response in opposition, arguing that the court should deny Spillman's motion to amend because her proposed amendments would not survive a Rule 12(b) motion and are therefore futile. (*See* Mem. Opp'n Am. Compl.) The United States asserts that, under Virginia law, sovereign immunity immunizes the government from liability for NIED claims based on simple negligence. (*Id.* at 3–4.) It further contends that the NIED claim is futile because Spillman has not adequately alleged a physical injury. (*Id.* at 8–10.) Additionally, the United States argues that Spillman has failed to sufficiently allege Lyon was grossly negligent. (*Id.* at 4–8.) Lastly, it claims that both of Spillman's claims are futile due to her contributory negligence. (*Id.* at 10–11.) In response, Spillman has filed a reply in support of her motion to amend. (Dkt. No. 48.)

In considering Spillman's motion to amend her complaint, the court considers these new allegations in conjunction with the entirety of the proposed amended complaint and the integral videos (*see supra* note 1).

## II. DISCUSSION

### A. Legal Standards

#### 1. Motion for leave to amend standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2). Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." *Id.* "Despite this general rule liberally allowing amendments, . . . a district court may deny leave to amend if the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

3

moving party, or the amendment would have been futile." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (internal quotations omitted) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). Traditionally, an amendment is futile if it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (internal citations omitted). And "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302.

4

### 2. Federal Tort Claims Act (FTCA)

The amended complaint states that Spillman is pursuing "this legal action against the United States Department of the Interior . . . pursuant to the Federal Tort Claims Act." (Am. Compl. ¶ 1.) "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA provides a waiver of sovereign immunity for damages suits related to certain actions by federal employees that occur within the scope of their employment. *See* 28 U.S.C. §§ 1346(b)(1), 2674.

### B. Spillman's Added Claims Against the United States

Under the FTCA, the United States can only be held liable for negligence "if an individual could be held liable for the same actions under the law of the state where the alleged negligence occurred." *Evans v. United States*, 105 F.4th 606, 616 (4th Cir. 2024); *see also Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)). Since the events in question took place in Virginia, the court applies Virginia law to Spillman's additional claims. Because negligence is a required element of a NIED claim, the court will first address Spillman's gross negligence claim before considering the NIED claim.

### 1. Count IV—Gross negligence

The United States contends that Spillman has not sufficiently alleged that Lyon was grossly negligent. (Mem. Opp'n. Am. Compl. 4–8.) Specifically, the United States argues that Lyon exercised some degree of care in conducting the sobriety test in the highway, searching Spillman's person incident to arrest, and in his handling of the situation when Spillman's breasts were exposed. (*Id.*) As such, the United States asserts that Spillman has failed to sufficiently

5

plead a claim for gross negligence.[3] (*Id.*)  The court disagrees.  Accepting all well-pleaded factual allegations as true and drawing all inferences in Spillman's favor, the court finds that she has sufficiently pled a claim for gross negligence.  As such, the court will grant Spillman's motion to amend her complaint to include a claim for gross negligence.

Under Virginia law, "gross negligence is a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person."  *Williams v. Kincaid*, 45 F.4th 759, 776 (4th Cir. 2022) (internal quotations omitted) (citing *Commonwealth v. Giddens*, 816 S.E.2d 290, 294 (Va. 2018)).  "Because the standard for gross negligence in Virginia is one of indifference, not inadequacy, a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care."  *Fijalkowski v. Wheeler*, 801 Fed. Appx. 906, 914 (4th Cir. 2020) (internal quotations omitted) (citing *Elliott v. Carter*, 791 S.E.2d 730, 732 (Va. 2016)).  "Ordinarily, the question whether gross negligence has been established is a matter of fact to be decided by a jury."  *Kincaid*, 45 F.4th at 777 (citing *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987)).  However, "when no reasonable juror could find that gross negligence has been established, the court must dismiss the claim."  *Fijalkowski*, 801 Fed. Appx. at 914.  "A court

---

[3] The United States also argues that both of Spillman's claims are futile because of her contributory negligence.  (Mem. Opp'n. Am. Compl. 10–11.)  "Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances."  *Amisi v. Riverside Reg'l Jail Auth.*, 555 F. Supp. 3d 244, 264 (E.D. Va. 2021) (citing *Jenkins v. Pyles*, 611 S.E.2d 404, 407 (Va. 2005)).  "The question of whether a plaintiff 'is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder.  The issue becomes one of law for the [ ] court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence.'"  *Id.* (citing *Rascher v. Friend*, 689 S.E.2d 661, 664 (Va. 2010)).

In construing the factual allegations and reasonable inferences in the light most favorable to Spillman, the court finds that reasonable minds could differ regarding her contributory negligence.  As such, the United States' contributory negligence defense fails at this stage of the litigation.  However, this ruling does not preclude the United States from raising the affirmative defense of contributory negligence after discovery, when a more complete factual record is available to the court.  *See e.g.*, *Cook v. John Hancock Life Ins. Co*, No. 7:12-CV-00455, 2015 WL 178108, at *19 (W.D. Va. Jan. 14, 2015) (denying defendant's motion to dismiss on causation grounds, noting that it is generally inappropriate "to resolve questions about causation and contributory negligence at the motion to dismiss stage").

should rule on gross negligence only when 'reasonable minds could not differ.'" *Kincaid*, 45 F.4th at 777 (internal citation omitted).

In its previous ruling on the United States' motion to dismiss, the court denied the motion as to Spillman's assault and battery claims because it could not find that the videos "utterly discredit or blatantly contradict every one of Spillman's allegations supporting her assault and battery claims." (Mem. Op. 13.) For the same reason, the court cannot conclude that the videos contradict every one of Spillman's allegations supporting her gross negligence claim. Specifically, Lyon's body-worn camera footage does not clearly depict Spillman's actions when she first exited the patrol car in the sheriff's office parking lot. Spillman alleges that Lyon "dragged her across the parking lot" by the hair and ear with a "vice-like grip" that caused bruising on her arm. (Am. Compl. ¶¶ 30–39.) She also claims that Lyon twisted her around, which caused her blouse to fall down. (*Id.* ¶ 32.) As the court previously noted, "the video footage does not clearly show where exactly Lyon was touching Spillman the entirety of the time they walked through the sheriff's office parking lot." (Mem. Op. 12.)

Reasonable minds could differ on whether Lyon's alleged actions amount to gross negligence. By incorporation, Spillman alleges gross negligence in this event and others throughout the evening. (Am. Compl. ¶¶ 8, 19, 43, 45, 94.) The court need not scrutinize every instance of alleged gross negligence in detail, as it finds that Spillman has plausibly alleged gross negligence here. Taking all well-pleaded factual allegations as true and drawing all inferences in Spillman's favor, the court finds that reasonable minds could differ on whether Lyon was grossly negligent from the time Spillman exited the patrol car to when the second female dispatcher covered her exposed breasts. Therefore, with regard to at least some of the allegations concerning gross negligence, the videos do not so fully discredit Spillman's allegations such that

7

those allegations should not be credited on a motion to dismiss. *Cf. Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024) (explaining that in ruling on a summary judgment motion, "an unchallenged video must be taken in the light most favorable to [the nonmoving party] if it does not blatantly contradict his account of the facts"); *see also Witt v. W. Va. State Police*, 633 F.3d 272, 277 (4th Cir. 2011) (finding that defendants were not entitled to summary judgment because dashboard video did not "blatantly contradict" plaintiff's version of events).

Since the videos here do not utterly discredit or blatantly contradict every one of Spillman's allegations supporting her gross negligence claim, the court must accept those uncontradicted allegations as true. Furthermore, as the Fourth Circuit has noted, "ordinarily, the question whether gross negligence has been established is a matter of fact to be decided by a jury." *Kincaid*, 45 F.4th at 777 (citing *Frazier* 362 S.E.2d at 691). Therefore, the court finds that Spillman has plausibly alleged a gross negligence claim and will grant her motion for leave to amend her complaint to include this claim.

### 2. Count III— Negligent infliction of emotional distress (NIED)

The United States argues that Spillman's NIED claim must fail because she has not sufficiently alleged a physical injury.[4] (Mem. Opp'n Am. Compl. 8–10.) The court agrees. Because Spillman has not alleged a physical injury resulting from her emotional distress, the court will deny Spillman's motion to amend her complaint to include a claim for NIED.

In *Hughes v. Moore*, the Supreme Court of Virginia outlined the elements required to establish a claim for NIED.

---

[4] The United States also argues that it is entitled to sovereign immunity for NIED claims involving simple negligence under Virginia Law. The court agrees that, under Virginia law, ordinary negligence claims cannot be brought against a law enforcement officer performing an essential governmental function that involves the exercise of discretion and judgment. *See Savage v. County of Stafford*, 754 F. Supp. 2d 809, 817 (E.D. Va. 2010) (citing *Glasco v. Ballard*, S.E.2d 854, 856 (Va. 1995)). However, this immunity does not shield law enforcement officers from liability for actions amounting to gross negligence. *Id.* (citing *Colby v. Boyden*, 400 S.E.2d 184, 187 (Va.

> We adhere to the view that where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. We hold, however, that where the claim is for emotional disturbance and physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury.

197 S.E.2d 214, 219 (Va. 1973). In *Delk v. Columbia/HCA Healthcare Corp.*, the Supreme Court of Virginia held that the lower court did not err in dismissing plaintiff's claim for NIED where plaintiff failed to specifically plead any physical injury that she suffered as a result of emotional distress. 523 S.E.2d 826, 834 (Va. 2000).

In Spillman's proposed amended complaint, she fails to allege a physical injury resulting from her emotional distress. Although she alleges that Lyon's conduct caused her emotional distress in the form of post-traumatic stress disorder (Am. Compl. ¶¶ 11, 93), this is insufficient to plead a NIED claim. *See Myseros v. Sissler*, 387 S.E.2d 463, 466 (Va. 1990) (holding that typical symptoms of emotional distress, such as PTSD, cannot support a NIED claim under *Hughes* absent a resulting physical injury); *Elrod v. Busch Ent. Corp.*, No. 4:09CV164, 2010 WL 5620918, at *5 (E.D. Va. Dec. 14, 2010) (holding that allegations of "serious harm and injury due to emotional distress" leading to the need for "on-going medical treatment for post-traumatic stress disorder" were insufficient to plead a physical injury under *Hughes* and *Myseros*).

---

1991)). Having found that Spillman has sufficiently alleged a gross negligence claim in her amended complaint, the NIED claim is not dismissed on sovereign immunity grounds.

Therefore, Spillman has failed to plead all the necessary elements of a NIED claim, and the court will deny her motion to amend the complaint to include such a claim.[5]

### III.  CONCLUSION

For the reasons set forth above, Spillman's motion to amend her complaint will be granted in part and denied in part.  The court will grant Spillman's motion to amend as to her claim for gross negligence but will deny the motion as to her claim for NIED.  An appropriate order will issue.

Entered: March 24, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

---

[5] In her response filing, Spillman argues that her allegations of bruises resulting from Lyon's gross negligence and the stripping of her blouse are sufficient to plead a physical injury for a NIED claim. (Dkt. No. 48 at 16.)  However, any emotional distress arising from these alleged physical injuries pertains to Spillman's assault and battery claims, not her NIED claim.  "A plaintiff can always recover emotional damages for an injury resulting from a physical impact." *Wilson v. Pamunkey Reg'l Jail Auth.*, No. 3:23CV89, 2024 WL 4122033, at *19 (E.D. Va. Sept. 6, 2024) (citing *Hughes*, 197 S.E.2d at 215–16); *see also Beach v. McKenney*, 82 Va. Cir. 436, at *4 (City of Charlottesville Cir. Ct. 2011) (A "claim of mental anguish resulting from [] injuries sustained in [an] assault and battery is an issue of damages and not a separate [NIED] cause of action.").  Spillman pleads emotional distress resulting from physical injuries, rather than physical injuries resulting from emotional distress.  Accordingly, her allegations of bruising and the stripping of her blouse are insufficient to plead a physical injury arising from emotional distress, as required to sufficiently plead a NIED claim.

Spillman also suggests that the court consider an affidavit attached to a separate motion in the case to support her claim of a physical injury resulting from her emotional distress. (Dkt. No. 48 at 16.)  However, the affidavit is neither attached to the amended complaint nor any responsive filings to the present motion before the court, and it is improper for the court to consider it when ruling on the motion for leave to amend.  *See Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 (4th Cir. 2024) ("In addition to the complaint, we may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.  We may also consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic.") (internal citations and quotations omitted).  The affidavit referenced by Spillman is not incorporated into the amended complaint, nor is it integral to the complaint.  While the affidavit may be appropriate for the court's consideration on another occasion, such as a motion for summary judgment, it is not proper for the court to consider it under the Rule 12(b)(6) standard in this instance.